IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RODNEY J. ROUSSELL, | ) |
| Petitioner, | ) |
| | ) No. 2:25-cv-02246-SHL-cgc |
| v. | ) |
| WARDEN C. HARRISON, | ) |
| Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 6), DISMISSING § 2241 PETITION, GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION (ECF NO. 10), CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 2, "§ 2241 Petition") of Petitioner Rodney J. Roussell, Bureau of Prisons register number 31934-034, who is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee.  Respondent Warden Harrison filed a Motion to Dismiss (ECF No. 6), to which Petitioner filed a response (ECF No. 7.)  Harrison filed a reply (ECF No. 8), and Petitioner filed a sur-reply (ECF No. 9).  Roussell also filed a motion for judicial notice of Petitioner's exhibits (*see* ECF No. 10-1), to appoint counsel, and for a hearing (ECF No. 10).  For the reasons that follow, Respondent's Motion to Dismiss (ECF No. 6) is **GRANTED**, the § 2241 Petition is **DISMISSED**, and Petitioner's motion (ECF No. 10) is **GRANTED IN PART and DENIED IN PART**.

I. **BACKGROUND**

Roussell pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, in the United States District Court for the Eastern District of Louisiana. *See United States v. Roussell*, No. 2:22-cr-00001-GGG-MBN (E.D. La. Mar. 8, 2022, ECF No. 19). The court sentenced him to seventy months of incarceration, to be followed by a five-year term of supervised release. (*Id.*, ECF No. 39.) The court recommended that the Bureau of Prisons ("BOP") house him at a facility near his home and family and that he be allowed to participate in the BOP's Residential Drug Abuse Program ("RDAP") for his gambling addiction. (*Id.*)

II. **THE PETITION**

Roussell filed the instant § 2241 Petition on March 5, 2025. (No. 2:25-cv-02246, ECF No. 2.) He challenges the BOP's assessment of "a point for drug and alcohol abuse on [his] custody classification." (*Id.* at PageID 6.) According to Roussell, per BOP policy, he "should have been scored a zero" because he has never had a drug or alcohol problem. (*Id.*) He suggests that the BOP misrepresented a statement from his Presentence Investigation Report, in which he indicated that he last consumed alcohol on March 22, 2021, to assess that point. (*Id.*) Roussell contends that the BOP violated Program Statement 5100.08 by ignoring his "self report . . . that [he does] not have an alcohol problem." (*Id.*) He requests that the Court order the BOP to correct his custody classification sheet, score the drug and alcohol abuse factor at zero, and redesignate him to minimum security. (*Id.* at PageID 7.)

On August 29, 2025, Warden Harrison filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 6 at PageID 37–38.) The motion is supported by a Declaration of Robin Eads, a BOP paralegal, who has access to official records for BOP inmates, including Roussell's SENTRY Public Information Inmate Data

Sheet, his Administrative Remedy Report, and the file for his Administrative Remedy No. 1220699. (ECF Nos. 6-2, 6-3, 6-4.) Harrison argues that this Court should dismiss the § 2241 Petition for the following reasons: (1) the Court lacks jurisdiction to review BOP discretionary decisions, including custody classifications and security designations; (2) Rousell lacks a protected liberty interest in his custody classification or security designation; and (3) the BOP correctly applied Program Statement 5100.08 to calculate Roussell's custody classification and security designation. (ECF No. 6 at PageID 33.)

In response, Roussell contends that Harrison's suggestion that Petitioner "do[es] not have a protected liberty interest in [his] custody classification or security designation is laughable." (ECF No. 7 at PageID 70.) According to Roussell, he is ineligible for certain relief under the First Step Act because of the one-point assessment for drug and alcohol abuse. (*Id.*) Roussell also includes a motion for impeachment and to hold Robin Eads in contempt as part of his response. (*Id.*)

In his reply, Harrison asserts that the Court should reject Roussell's arguments for three reasons: (1) Eads did not lie in her declaration because Roussell has only completed one part of RDAP; (2) Roussell did not raise a claim about his Prisoner Assessment Tool Targeting Estimated Risks and Needs" ("PATTERN") score and the First Step Act credits in the § 2241 Petition and cannot amend the § 2241 Petition by raising arguments in his response; and (3) Roussell has not established subject matter jurisdiction over the BOP's custody classification decision or the existence of a protected liberty interest. (ECF No. 8 at PageID 86–89.) Harrison's reply is supported by a Declaration from Dr. Andrea Watson, the Chief Psychologist at the Federal Correctional Institution in Memphis, Tennessee, who has access to official records for BOP inmates. (ECF No. 8-1.)

In his sur-reply, Roussell reiterates the belief that Eads should be held in contempt. (ECF No. 9 at PageID 93.)[1] He avers that he cannot finish the RDAP program until he is released. (*Id.* at PageID 93–94.) He also suggests that he is not arguing about the PATTERN score and the First Step Act. (*Id.* at PageID 94–95.) Instead, he asserts that his argument is that the Government should have to follow its own rules, that the Government is concocting a fictitious drug and alcohol problem, and that "[t]he truth is the government knows that once this point that was just put here for no reason is gone, they will have no reason to justify giving me fake points elsewhere[.]" (*Id.*) Petitioner contends that the Court has subject matter jurisdiction based on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). (*Id.* at PageID 95.)

### III. ROUSSELL'S MOTIONS

Roussell requests that the Court hold Eads in contempt for perjuring herself in her declaration. (ECF No. 7 at PageID 71.) According to Roussell, Eads "flat out lied in her sworn declaration" by stating that "losing the erroneous point would hurt [Petitioner's] RDAP [p]articipation," but he states that he completed RDAP on October 29, 2024. (*Id.* at PageID 70.) However, Watson's declaration explains that the RDAP program "has three parts: (1) a unit-based component, which is a course of activities provided by the Psychology Services Department, (2) follow-up services as needed, and (3) community treatment services." (ECF No. 8-1 at PageID 92.) According to Watson, Roussell completed the unit-based component on October 29, 2024, and was scheduled to complete follow-up services by November 1, 2025. (*Id.*) However, Roussell has not yet completed community-based treatment services and will not until he has been transferred to pre-release custody. (*Id.*) In light of those facts, which Roussell

---

[1] Roussell filed his sur-reply without leave of court in contravention of the Local Rules. See LR 7.2(c) (explaining that "reply memoranda may be filed only upon court order granting a motion for leave to reply"). The Court will nevertheless consider the sur-reply.

does not dispute, the request to hold Eads in contempt is **DENIED**, as Eads' statement that Roussell has not yet completed the full RDAP program is accurate.

Roussell also filed a combined motion for judicial notice, appointment of counsel, and immediate hearing. (ECF No. 10.) For the reasons set forth below, the Court concludes that Petitioner's § 2241 Petition is subject to dismissal and, therefore, neither a hearing nor the appointment of counsel is necessary. Thus, Petitioner's motion (ECF No. 10) is **DENIED** to the extent it requests appointment of counsel and a hearing.

As for Roussell's request for judicial notice, although the Court can take notice of facts not subject to reasonable dispute, the Court cannot "consider the statements contained in the document[s] [submitted by Petitioner] for the truth of the matter asserted." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) (citing Fed. R. Evid. 201(b)). Accordingly, Petitioner's motion (ECF No. 10) is **GRANTED** to the extent that the Court takes judicial notice of the existence of Petitioner's exhibits, but not of their substance.

IV.   **ANALYSIS**

Pursuant to 28 U.S.C. § 2241, this Court is authorized to issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." Roussell's § 2241 Petition does not allege a constitutional violation because he has no protected liberty interest in being housed at a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Likewise, he has no protected liberty interest in a particular security classification. *See Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004); *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003); *Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (affirming the dismissal of the § 2241 petition because the petitioner "ha[d] no due process right to any particular security classification").

Roussell also fails to allege a violation of federal law in his § 2241 Petition. Federal law provides that the BOP "shall designate the place of the prisoner's imprisonment." *See* 18 U.S.C. § 3621(b). The BOP chooses that designation after consideration of various factors, including "the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons." *Id.* The BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the [BOP] determines to be appropriate and suitable." *Id.* Under § 3621(b), the BOP has broad discretion to determine a prisoner's custody classification and security designation. *See Mays v. Paul*, No. 5:23-00093-GFVT, 2023 WL 2905553, at *2 (E.D. Ky. Mar. 28, 2023) (noting that "the BOP's authority to determine an inmate's security classification derives from 18 U.S.C. § 3621(b), and it possesses broad discretion in making those determinations"); *Embrey v. Sepenak*, No. 0:11-CV-00119-HRW, 2012 WL 1205721, at *3 (E.D. Ky. Apr. 10, 2012) (noting that "Congress has given the BOP complete authority to determine the custody classification and security levels of federal inmates, direct their confinement in any available facility, and freely transfer them from one facility to another").

*Loper Bright* does not change the analysis as to these points. There, the Supreme Court explained that courts should defer to an agency's interpretation when a statute *expressly* delegates interpretive authority to an agency or when the statute allows the agency to "fill up the details of a statutory scheme." *See Harris v. Holzapfel*, No. 5:23-CV-00610, 2025 WL 769606, at *10 (S.D. W. Va. Feb. 14, 2025), *report and recommendation adopted*, No. 5:23-CV-00610, 2025 WL 757827 (S.D.W. Va. Mar. 10, 2025). The Sixth Circuit has explained that a court's

"duty remains the same: to 'independently interpret the statute and effectuate the will of Congress . . . by fixing the boundaries of the delegated authority,' even if those boundaries continue to provide the agency with considerable discretion." *United States v. Bricker*, 135 F.4th 427, 440–41 (6th Cir. 2025). Here, there is an express designation of discretionary authority in the statute, and *Loper Bright* does not change the Court's deference to the BOP's decisions.

Finally, Roussell's assertion that the BOP failed to properly apply Program Statement 5100.08 is not cognizable under § 2241. *See Hutchins v. FMC Lexington*, No. 5:08-393-JMH, 2008 WL 4534241, at *2 (E.D. Ky. Oct. 7, 2008). "The BOP's Program Statements are not 'laws' within the meaning of the statute, because they do not constitute regulations promulgated in compliance with the requirements of the Administrative Procedure Act. Rather, they are internal agency guidelines that are 'akin to . . . interpretive rules.'" *Id.* (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)). "[E]very court that has addressed the issue has found that PS 5100.08 did not alter well-settled law that an inmate has no protected liberty or due process interest in his classification level or his assigned facility." *Gonzalez v. Doe*, No. 3:09-CV-671-P ECF, 2009 WL 1704248, at *1 (N.D. Tex. June 15, 2009) (collecting cases); *see also Smith v. Warden of Duluth Prison Camp*, No. 18-cv-2555 (WMW/LIB), 2019 WL 3325837, at *6 (D. Minn. Apr. 23, 2019) (noting that "BOP Program Statement 5100.08 [does not] create a cognizable liberty interest in Petitioner being placed at any particular correctional facility"). Petitioner would simply not be entitled to relief even if the BOP misapplied Program Statement 5100.08.

In any event, the BOP did not misapply Program Statement 5100.08. With respect to drug and alcohol abuse, Program Statement 5100.08 states:

> Enter the appropriate number of points that reflect drug or alcohol abuse by the inmate. Examples of drug or alcohol abuse include: a conviction of a drug or alcohol related offense, a parole or probation violation based on drug or alcohol abuse, positive drug test, a DUI, detoxification, etc. Absent any information similar

to the above, an inmate's self-report is sufficient to score this item. If this information is unknown enter a "U" and the item will be scored as zero.

Program Statement 5100.08, Inmate Security Designation and Custody Classification Chapter 4, Page 13 (last accessed Jan. 8, 2026). The record reflects that Roussell filed an administrative grievance concerning the assessment of one point for drug and alcohol abuse. (ECF No. 6-4 at PageID 61–68.) Notably, the Regional Director's response stated:

> While your self-report of alcohol use, listed in your PSI, does not justify the point, the information you provided staff at Beaumont while being interviewed for the Residential Drug Abuse Program (RDAP) does. Documentation reviewed suggests you endorsed both alcohol and marijuana use in the year prior to arrest for the instant offense and [were] diagnosed with both Cannabis Use Disorder as well as Alcohol Use Disorder. Based on this information, your drug/alcohol abuse points are scored correctly at this time.

(*Id.* at PageID 63.) Under Program Statement 5100.08, the BOP was well within its discretion to consider this information and assess Roussell one point for drug and alcohol abuse.

Roussell is not entitled to relief under § 2241 for the reasons set forth above.[2] Accordingly, Harrison's Motion to Dismiss (ECF No. 6) is **GRANTED**, and Roussell's § 2241 Petition (ECF No. 2) is **DISMISSED**. Judgment shall be entered for Harrison.

---

[2] Although Roussell asserts that he is not asserting any claim for relief pursuant to the First Step Act, the Court notes that in his response, he argues that if the one point for drug and alcohol abuse were removed, he would "lose two points on his [PATTERN] risk score making [him] FSA eligible and then able to apply [his] 360 days of Federal Time Credits so it does mean [he] go[es] home sooner." (ECF No. 7 at PageID 71.) Roussell states that "it does have the clause that spells immediate or speedier release," presumably an argument that this Court has subject matter jurisdiction over his § 2241 Petition. (*Id.*) Nowhere in the § 2241 Petition did Roussell assert a claim pursuant to the First Step Act. He cannot amend his § 2241 Petition in his response to Harrison's Motion to Dismiss, *see Atkins v. CoreCivic, Inc.*, No. 1:21-cv-01154-JDB-jay, 2022 WL 822033, at *3 (W.D. Tenn. Mar. 17, 2022), and so the Court will not consider any First Step Act claim he raises.

## V. APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Roussell leave to appeal *in forma pauperis*.

**IT IS SO ORDERED,** this 20th day of January, 2026.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
